Nezzie SANDERS, Plaintiff,

v.

AUTO ASSOCIATES, INC., and Tran-South Financial Corporation, Defendants.

Civ. A. No. 77–1631.

United States District Court,
D. South Carolina,
Columbia Division.

April 12, 1978.

Nancy C. McCormick, Legal Aid Service Agency, Columbia, S. C., for plaintiff.

## ORDER

CHAPMAN, District Judge.

This suit was brought pursuant to the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., to recover the penalty established by § 1640. On August 19, 1976, plaintiff purchased a used car from defendant Auto Associates, Inc., and financed part of the purchase price. In connection with this loan, this defendant completed a loan form entitled "Installment Contract and Security Agreement" in which the terms of the loan and the security agreement were set forth. This contract was purchased from Auto Associates by defendant TranSouth Financial Corporation which has been dismissed by a previous order of this Court. Plaintiff seeks by this lawsuit to recover $743.84, which is double the amount of the finance charge, because of certain discrepancies between the disclosures on the form and the requirements imposed by the Truth in Lending Act and Regulation Z. This matter is presently before the Court on plaintiff's motion for summary judgment.

The purpose behind Congress' enactment of the Truth in Lending Act is stated by 15 U.S.C. § 1601 as follows:

> The Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.

The Act and regulations require that lenders clearly disclose loan terms to consumer borrowers and these disclosure requirements must be construed and applied in light of the congressional purpose of promoting the "informed use of credit." Any disclosure made by a particular lender which comes under judicial scrutiny cannot be analyzed in a vacuum by a strict application of the language of the statutes and regulations. The disclosure requirements should be liberally construed to effectuate the congressional purpose of the Truth in Lending Act and applied in a manner which results in justice and fairness to both the lender and the borrower. Unfortunately, many of the truth in lending cases which have been instituted in this court have not been brought by plaintiffs who were misled or misinformed by the loan forms they attack. These plaintiffs have merely sought a windfall penalty from a lender by picking apart its loan form word by word in search of a technical deviation from the language of the statutes and regulations. The Truth in Lending Act was never meant to make the district courts forums for word games between lenders and borrowers in which a borrower's attorney who is adept at using legalese and arguing technicalities is awarded a prize for himself and his client. In order to avoid such misuse of the Truth in Lending Act, this Court will strongly construe its provisions against borrowers who were not misled by a lender's disclosure but merely seek a penalty for finding a technical problem with the loan form which could not have conceivably influenced his choice of credit. This Court will, however, liberally construe the disclosure requirements in favor of borrowers who were misled or might have been misled by a confusing or incomplete loan form.

In the instant case, plaintiff alleges that the defendant's loan form violates the Truth in Lending Act in three respects: (1) that the security interest was improperly identified in violation of 15 U.S.C. § 1638(a)(10) and 12 CFR § 226.8(b)(5), (2) that disclosures were made on the reverse side of the loan document with no requirement that the borrower sign this side in violation of 12 CFR § 226.8(a); and (3) that the lender failed to make the required disclosures clearly, conspicuously, and in meaningful sequence in violation of 15 U.S.C. § 1631 and 12 CFR § 226.6(a).

Since the loan in this case was made to finance the purchase of an automobile, a security interest in that automobile was retained by the lender to insure repayment. The loan form contains a paragraph which states that the security interest in the automobile also includes "all equipment, tires, accessories and parts now or hereafter attached to or used in connection therewith." Under the heading "Additional Terms," the form states that the "customer agrees . . . that all equipment, tires and accessories and parts shall become part of the goods by accession." Plaintiff complains that, by this language, defendants purported to take a security interest in after acquired consumer goods without explaining that such interests are only valid for ten days under S.C. Code Ann. § 36–9–204 (1976). Defendants respond [1] that the after-acquired security interest clause applies only to "accessions" which are not

---

1. Defendant TranSouth filed a brief in opposition to plaintiff's motion for summary judgment prior to its dismissal.

covered by the ten day rule of § 36–9–204. The resolution of this issue depends on whether the language in the loan form extends the security interest to goods which cannot be considered "accessions." Liberally construing the language of the loan document with a view to the congressional purpose of the Truth in Lending Act, this Court finds that defendants only acquired a security interest in accessions such that no explanation of the ten day rule was required. Technicalities in language will not be elevated over the substance of the transaction when to do so would result in injustice. There is no indication of bad faith by the defendant in connection with the after acquired property clause and there is no indication that plaintiff was or might have been misled or prejudiced in any way by the defendant's description of the security interest acquired. This Court finds, therefore, that the description of the security interest violates no statute or regulation.

■ Plaintiff next complains that no signature was required on the reverse side of the loan form under the disclosures which were made there. This complaint arises from 12 CFR § 226.8(a) which requires that all disclosures be made on the "note or other instrument evidencing the obligation on the same side of the page and above or adjacent to the place for the customer's signature." Due to the fact that this regulation created problems to lenders who wished to incorporate the note, security interest and disclosure statement into one document as a result of the fact that the size of the resulting document would be unwieldy, the Federal Reserve Board issued Interpretation 226.801 which permits disclosures to be made on the reverse side of the document under certain circumstances. This interpretation states:

(a) Some creditors incorporate the terms of a contract, a security agreement and evidence of a transaction in a single document. These documents are designed for processing by mechanical and electronic equipment. If all of the required disclosures under § 226.8 should be placed on the face of such a document, the creditor would be unable to utilize conventional accounting and record keeping equipment because of the size of the resulting document. The question arises as to whether required disclosures may be made on the face and the reverse side of such a document.

(b) Where a creditor elects to combine disclosures with the contract, security agreement, and evidence of a transaction in a single document, the disclosures required under § 226.8 shall, in accordance with § 226.6, be made on the face of that document, on its reverse side, or on both sides: *Provided,* That the amount of the finance charge and the annual percentage rate shall appear on the face of the document, and, if the reverse side is used, the printing on both sides of the document shall be equally clear and conspicuous, both sides shall contain the statement, "NOTICE: See other side for important information," and the place for the customer's signature shall be provided following the full content of the document.

Once again, the language of a Federal Reserve Board "interpretation" is more confusing than any language found on a loan document. *See Wilson v. Allied Loans, Inc.,* Civ. No. 77–803, 448 F.Supp. 1020, March 14, 1978, for an example of the confusion created by interpretation 226.819 relating to prepaid finance charges. Plaintiff argues that § 226.801 was violated because a signature must appear on the reverse side in order to follow "the full content of the document." Section 226.801 is confusing because of the ambiguity of the phrase "following the full content of the document." It is unclear whether a signature on the reverse side is required if any disclosure appears there or whether references to the back from the front and then to the front from the back result in the full content appearing on the front. Because of this ambiguity and because the presence or absence of a signature on the reverse side of the document is a technicality which does little to accomplish the purposes of the Truth in Lending Act, this Court liberally construes 12 CFR § 226.8(a) and Interpretation § 226.801 to accomplish justice in this

case and finds that the absence of a signature under the disclosures contained on the reverse side of the loan form does not constitute a violation of the Truth in Lending Act.

■■ Plaintiff's third complaint is that defendant failed to make the required disclosures "clearly, conspicuously, and in meaningful sequence," in violation of 15 U.S.C. § 1631 and 12 CFR § 226.6(a). After carefully examining defendant's loan form, this Court finds that the disclosures were sufficiently clear and conspicuous and in meaningful sequence such that no truth in lending violation has occurred. Although defendant's form is not ideal in that the default and security agreement terms could be more clearly disclosed, the disclosures are nonetheless adequate. Plaintiffs cannot establish a violation of § 1631 and regulation 226.6(a) merely by proving that the clarity of a particular disclosure is not the best possible. Plaintiffs seeking the penalty provided by § 1640 must show that the disclosures are confusing or misleading, not merely that the clarity could be improved.

Plaintiff correctly argues that the case is ripe for summary disposition due to the absence of any factual issue. Summary judgments are especially appropriate in truth in lending cases since the facts are established by the loan documents and the issues concerning compliance with the statutes and regulations are ones of law. In this case, plaintiff has failed to show a lack of compliance in any respect entitling her to a judgment as a matter of law and her motion is, therefore, denied. In appropriate cases, summary judgment may be entered against the moving party, Wright & Miller, *Federal Practice and Procedure* § 2720 (1973), and this is such a case. It is clear to this Court that the allegations of the complaint are without merit and that defendant Auto Associates, Inc., is entitled to summary judgment as a matter of law.

IT IS, THEREFORE, ORDERED that plaintiff's motion for summary judgment be denied and that summary judgment be entered in favor of defendant Auto Associates, Inc.

AND IT IS SO ORDERED.