Carrie MARS, Appellant,

v.

SPARTANBURG CHRYSLER PLYMOUTH, INC. and First National Bank of South Carolina, Appellees.

No. 82–1877.

United States Court of Appeals,
Fourth Circuit.

Argued June 6, 1983.

Decided Aug. 1, 1983.

Rehearing and Rehearing En Banc
Denied Sept. 21, 1983.

Edward L. Bailey, Spartanburg, S.C., for appellant.

Stanley T. Case, Spartanburg, S.C., for appellees.

Before WINTER, Chief Judge, HALL, Circuit Judge, and KNAPP,* Senior District Judge.

K.K. HALL, Circuit Judge:

Carrie Mars appeals from a district court order granting summary judgment in favor of the First National Bank of South Carolina and Spartanburg Chrysler Plymouth, Inc., appellees. On appeal, Mars contends that the appellees' disclosure statement contained certain violations of the Federal Truth in Lending Act (Act), 15 U.S.C. § 1601 *et seq.* and the original Federal Reserve Regulation Z, 12 C.F.R. 226.[1] The district court held that these violations were only technical and because Mars sus-

tained no actual injury as a result of them, no liability on the part of the creditors arose. We disagree and reverse the judgment of the lower court.

## I.

Both in the district court and on appeal, Mars argues that the appellees' disclosure form specifically violated § 226.8(c)(5) of Regulation Z. This section required that the term "unpaid balance" be used on a consumer credit sale disclosure form when referring to the "unpaid balance of cash price," plus, all other charges included in the amount financed, but which are not part of the finance charge.[2] In the present case, appellees used the term "amount financed" on their disclosure statement as opposed to the term "unpaid balance." Further, Mars asserts that appellees' disclosure statement violated § 226.6(a) of original Regulation Z[3] because certain numerical amounts in the paragraphs labelled "Late Payment" and "Prepayment" were disclosed in eight point type rather than the required ten point type.

Appellees concede that the disclosure form in question contains technical variations from Regulation Z. However, they

---

* Honorable Dennis R. Knapp, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

1. The Truth in Lending Act and Regulation Z were amended on March 31, 1980 and April 7, 1981, respectively. Compliance with those amendments was optional with the creditors until October 1, 1982. During the transition period, as a general rule, all disclosures were to be made either in accordance with the previous regulation or in accordance with the revised regulation, but a creditor could not mix the regulatory requirements. 46 Fed.Reg. 50290.

   Because the creditors, appellees, in the instant case elected not to exercise their option to operate under the new amendments and revisions on the date of the contract, this case must be decided under the statute and regulation which existed before the 1980–81 amendment.

2. The term "unpaid balance" was defined by several subsections of 12 C.F.R. 226.8(c) which stated:

   (1) The cash price of the property or service purchased, using the term "cash price."

(2) the amount of the downpayment itemized, as applicable, as downpayment in money, using the term "cash downpayment," downpayment in property, using the term "trade-in," and the sum, using the term "total downpayment."

(3) The difference between the amounts described in subparagraphs (1) and (2) of this paragraph, using the term "unpaid balance of cash price."

(4) All other charges, individually itemized, which are included in the amount financed but which are not part of the finance charge.

(5) The sum of the amounts determined under subparagraphs (3) and (4) of this paragraph, using the term "unpaid balance."

3. The Federal Reserve Board set forth in Regulation Z, 12 C.F.R. §§ 226.6–226.8 disclosure requirements imposed upon creditors in consumer credit transactions. Section 226.6(a), in pertinent part, stated:

   Disclosures; General rule. ... all numerical amounts and percentages shall be stated in figures and shall be printed in not less than the equivalent of 10 point type, .075 inch computer type or elite size typewritten numerals, or shall be legibly handwritten.

contend that the minor variation in language and type size should not give rise to liability because Mars was given sufficient disclosure of information to make a meaningful comparison of credit terms, thereby meeting the objective of the Act.

The district court agreed with the appellees, and held that the technical violations asserted by Mars could not have influenced her choice of credit. Hence, the district court concluded that the purpose of the Act was achieved through the disclosure form utilized and that Mars sustained no actual injury.[4] Therefore, the district court found that Mars' complaint was meritless and entered summary judgment in favor of appellees. From this order Mars appeals.

## II.

We disagree with the district court's analysis that a technical violation of the Act without actual harm imposes no liability. Congress declared that the purpose of the Act was:

> to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing . . . .

15 U.S.C. § 1601(a). To insure that the consumer is protected, as Congress envisioned, requires that the provisions of the Act and the regulations implementing it be absolutely complied with and strictly enforced. As we noted in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 220 (1978), where the term "total time balance" was used in a truth and lending disclosure form as opposed to the term "total of payments" as required by Regulation Z, "a technical violation of the Act [is] sufficient to subject [the creditor] to civil liability under §

1640."[5] We conclude, therefore, that appellees are liable to Mars for the technical violations found in their disclosure form.

Although we agree with the district court that Mars sustained no actual injuries, § 1640(a)(2)(A)(i) permits statutory damages twice the amount of any finance charge in connection with the transaction. The damages awarded shall not be less than $100 nor greater than $1,000.[6] As the record reveals that Mars' finance charge was $1,174.35, she is entitled to statutory damages in the amount of $1,000.

Further, § 1640(a)(3) permits a successful plaintiff to recover the costs of the action, together with a reasonable attorney's fee as determined by the court.[7] Because in the instant case, the district court did not consider the amount of costs and attorney's fee to which Mars is entitled, we remand the case for such a determination.

REVERSED AND REMANDED.

---

**4.** In its holding, the district court relied entirely upon the South Carolina district court case of *Sanders v. Auto Associates, Inc.*, 450 F.Supp. 900 (D.S.C.1978). This Court has not had the opportunity to decide that case because it was never appealed. Nevertheless, by our holding in this case, we indicate our disapproval of *Sanders*.

**5.** Section 1640 imposes civil liability upon any creditor who fails to comply with the Act.

**6.** 15 U.S.C. § 1640(a)(2)(A)(i).

**7.** 15 U.S.C. § 1640(a)(3).