**Opal HUFF, Appellant,**

v.

**STEWART–GWINN FURNITURE COMPANY, Appellee.**

No. 82–2106.

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1983.

Decided Aug. 1, 1983.

---

68

Edward L. Bailey, Spartinburg, S.C., for appellant.

Amos A. Workman, Spartinburg, S.C., for appellee.

* Honorable Dennis R. Knapp, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

1. The Truth in Lending Act and Regulation Z were amended on March 31, 1980 and April 7, 1981, respectively. Compliance with those amendments was optional with the creditors until October 1, 1982. During the transition period, as a general rule, all disclosures were to be made either in accordance with the previous regulation or in accordance with the revised regulation, but a creditor could not mix the regulatory requirements. 46 Fed.Reg. 50290.

Because the creditor, appellee, in the instant case elected not to exercise its option to operate under the new amendments and revisions on the date of the contract, this case must be decided under the statute and regulation which existed before the 1980–81 amendment.

Before WINTER, Chief Judge, HALL, Circuit Judge, and KNAPP,* Senior Circuit Judge.

K.K. HALL, Circuit Judge:

Opal Huff appeals from district court orders denying his motion for summary judgment and entering final judgment for Stewart-Gwinn Furniture Company, appellee. On appeal, Huff contends that the disclosure statement used by the appellee violated the Federal Truth in Lending Act (Act), 15 U.S.C. § 1601 *et seq.* and original Regulation Z, 12 C.F.R. § 226.[1] After denying both parties' motions for summary judgment, the district court conducted a bench trial and subsequently ordered judgment in favor of appellee. The lower court reasoned that because Huff suffered no damage or actual injury and was not mislead as a result of the technical violations found in the disclosure statement, the creditor was not liable. We disagree and reverse the orders of the district court.

## I.

On appeal, Huff contends that the district court should have granted his motion for summary judgment because the appellee's disclosure form specifically violated § 226.8(c)(7) of Regulation Z.[2] This section requires that the term "amount financed" be used on disclosure statements.[3] Further,

2. Huff contended at the district court level that appellee had violated three separate consumer credit contracts. However, he noted that at the time of his motion for summary judgment only one disclosure statement was before the district court. Therefore, he has limited his appeal to one contract violation.

3. The term "amount financed" was defined by several subsections of § 226.8(c) which stated:

(1) The cash price of the property or service purchased, using the term "cash price."

(2) The amount of the downpayment itemized, as applicable, as downpayment in money, using the term "cash downpayment," downpayment in property, using the term "trade-in" and the sum, using the term "total downpayment."

(3) The difference between the amounts described in paragraphs (c)(1) and (2) of this

Huff contends that appellee's disclosure statement violated § 226.8(c)(8) which requires creditors to disclose the sum of the cash price and all other charges, including the finance charge, using the term "deferred payment price."

Appellee concedes that the disclosure form in question contains these variations from the requirements of Regulation Z. However, it contends that Huff was not misled and was given a meaningful and correct disclosure of crucial credit terms as required by the Act and Regulation Z. Furthermore, appellee argues that the amendments to the Act and the revisions to Regulation Z reflect the view that creditors should not be exposed to liability due to technical violations under the original Regulation Z when there is no damage or harm to the consumer.

At trial, following the denial of both parties' motion for summary judgment, the district court held that the violations in the disclosure form were technical in nature and that Huff suffered no damage or actual injury due to this. Based on the district court's conclusion that the disclosures made by the appellee were more than sufficient, judgment was entered for appellee against Huff. From these orders of the district court, Huff appeals.

### II.

This case raises the exact issue found in *Mars v. Spartanburg Chrysler Plymouth, Inc. and First National Bank of South Carolina,* 713 F.2d 65 (4th Cir. 1983), decided this same date. For the reasons set forth in that opinion, we reverse the district court decision in the instant case.

As Huff was charged $138.17 in finance charges, he is entitled to receive $276.34 in statutory damages.[4] Further, the case is remanded to the district court for a determination of costs together with a reasonable attorney's fee to which Huff is entitled.[5]

REVERSED AND REMANDED.

section, using the term "unpaid balance of cash price."

(4) All other charges, individually itemized, which are included in the amount financed but which are not part of the finance charge.

(5) The sum of the amounts determined under paragraphs (c)(3) and (4) of this section, using the term "unpaid balance."

(6) Any amounts required to be deducted under paragraph (e) of this section using, as applicable, the terms "prepaid finance charge" and "required deposit balance," and, if both are applicable, the total of such items using the term "total prepaid finance charge and required deposit balance."

(7) The difference between the amounts determined under paragraphs (c)(5) and (6) of this section, using the term "amount financed."

4. 15 U.S.C. § 1640(a)(2)(A)(i).

5. 15 U.S.C. § 1640(a)(3).