In re James Robert PITTMAN, Debtor.

James Robert PITTMAN, Plaintiff,

v.

ALLRIGHT MORTGAGE COMPANY,
Defendant.

Bankruptcy No. 91–5–7171–JS.
Adv. No. 92–5178–JS.

United States Bankruptcy Court,
D. Maryland.

March 17, 1994.

Louise M. Carwell, Legal Aid Bureau, Inc., Baltimore, MD, for debtor/plaintiff.

Millard S. Rubenstein, Baltimore, MD, for defendant.

## MEMORANDUM OPINION GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF

JAMES F. SCHNEIDER, Bankruptcy Judge.

The plaintiff moved for summary judgment based on the Truth in Lending Act, Maryland Credit Grantor Closed End Provisions, and the Maryland Consumer Protection Act. For the reasons stated, the plaintiff's motion for summary judgment shall be granted in part and denied in part. This Court has found that the defendant violated the Truth in Lending Act entitling the plaintiff to statutory damages of $1,000.00. However, summary judgment will be denied as to alleged violations of the Credit Grantor Closed End Provisions and the Consumer Protection Act.

### FINDINGS OF FACT

1. On November 12, 1991, the debtor filed a Chapter 13 bankruptcy petition in this Court. On October 1, 1993, the case was converted to a proceeding under Chapter 7.

2. On April 1, 1991, the defendant, Allright Mortgage Company, extended a loan to the debtor in exchange for a security interest in the debtor's real property known as 3004 Harford Road, Baltimore, Maryland.

3. Allright Mortgage Company is an "organization" that regularly extends consumer credit for which the payment of a finance charge is required and is the entity to which a debt arising from the April 1 loan is payable.

4. The plaintiff is a "natural person" who used proceeds from the loan primarily for personal, family, or household purposes.

5. The loan documents contained a statement of the amount financed, finance charge, annual percentage rate, and total of payments. The terms "annual percentage rate" and "finance charge" appear in the same type and in boxes identical to the ones in which the "amount financed" and "total of

payments" are presented. Exhibit 3 to plaintiff's memorandum [P. 21].

6. On March 19, 1992, the debtor filed the instant complaint objecting to the secured claim of the defendant, Allright Mortgage Company. The plaintiff filed the instant amended motion for summary judgment on April 30, 1993. [P. 20].

*CONCLUSIONS OF LAW*

1. The defendant is a "creditor" within the meaning of the Truth in Lending Act. 15 U.S.C. § 1602(f) (1994). Likewise, the loan in question is a "consumer" transaction within the meaning of the Truth in Lending Act. 15 U.S.C. § 1602(h) (1982).

2. In order to comply with the Truth in Lending Act, a creditor must make required disclosures to the person obligated on a consumer credit transaction. 15 U.S.C. § 1631(a)–(b) (1982). In addition, disclosures must conform to certain physical criteria. Title 15 Section 1632(a) states, in pertinent part,

> The terms "annual percentage rate" and "finance charge" shall be disclosed more conspicuously than other terms, data, or information provided in connection with a transaction, except information relating to the identity of the creditor.

15 U.S.C. § 1632(a) (1994).

3. This Court finds that the more conspicuous requirement was not satisfied because the physical presentation of the terms "finance charge" and "annual percentage rate" was no different than the presentation of the terms "amount financed" and "total of payments."

4. In its answer [P. 10] to the first motion for summary judgment, the defendant argued that the debtor was not damaged by any technical violation of the Truth in Lending Act. This statement amounted to a tacit admission of a technical violation of the Truth in Lending Act.

5. In two companion cases decided on the same day, the Fourth Circuit Court of Appeals held that actual damages were not necessary to a determination of liability for a technical violation of the Truth in Lending Act. *Mars v. Spartanburg Chrysler Plym-*outh, *Inc. and First National Bank of South Carolina,* 713 F.2d 65 (4th Cir.1983), and *Huff v. Stewart–Gwinn Furniture Company,* 713 F.2d 67 (4th Cir.1983). In *Mars,* the defendant failed to use the required size of type in disclosing certain numerical amounts and used the term "amount financed" instead of the required term "unpaid balance." *Mars,* 713 F.2d at 66. The court noted that the violations were merely technical and that the plaintiff had suffered no actual injury. *Mars,* 713 F.2d at 67. Nonetheless, the court held that damages were appropriate under the Truth in Lending Act. *Id.*

6. The portion of the Truth in Lending Act that governs civil liability is Title 15 Section 1640 (1994). The plaintiff in this case has not alleged actual damages under Section 1640(a)(1). However, Section 1640(a)(2)(A) applies and provides for damages of twice the finance charge in connection with the transaction, not to exceed $1,000.00. The finance charge in this case was $8,415.57. Therefore, the plaintiff is entitled to statutory damages of $1,000.00.

7. The successful plaintiff under the Truth in Lending Act is also entitled to costs of the action and a reasonable attorney's fee. 15 U.S.C. § 1640(a)(3) (1994). This plaintiff has not offered any proof as to his attorney's fee. Because he is represented by the Legal Aid Bureau, he may not be required to pay a counsel fee.

8. Summary judgment is denied on the issue of whether the defendant knowingly violated the Credit Grantor Closed End Credit Provisions, Md.Com.Law II Code Ann. § 12–1001 to –1112 (1990). The mental state of the defendant is relevant to the amount of damages the plaintiff may potentially recover. If the alleged violation was committed knowingly, then the defendant may be liable for treble damages. The general rule is that summary judgment is seldom appropriate in cases where a state of mind is a decisive element of the claim or defense. *Miller v. Federal Deposit Insurance Corp.,* 906 F.2d 972 (4th Cir.1990), *Ross v. Communications Satellite Corp.,* 759 F.2d 355 (4th Cir.1985), *Charbonnages de France v. Smith,* 597 F.2d 406 (4th Cir.1979). The

rationale for this general rule is that state of mind is ordinarily impossible to determine in the absence of trial and the opportunity to judge credibility.

9. The Credit Grantor Closed End Credit Provisions permit an effective rate of simple interest no greater than 24% per year. Md. Com.Law II Code Ann. § 12–1003(a) (1990). According to the loan documents, the defendant charged an annual percentage rate of 24.64% per year. However, plaintiff has not proven that the interest charged was in violation of the statute. The Creditor Grantor Closed End Credit Provisions permit charges in addition to the interest allowable under Section 12–1003(a), and these permitted additional charges may have the effect of increasing the annual percentage rate to greater than 24%. Md.Com.Law II Code Ann. § 12–1005 (1990). Neither party has provided the Court with an analysis of how the annual percentage rate was calculated in this case. Some of the charges listed in the loan documents, such as those for a title search, attorneys' fees, and recording and stamping fees, are arguably contemplated by Section 12–1005 and therefore should not be included in the calculation of the effective rate of simple interest to which Section 12–1003 applies.

10. The plaintiff argued that violations of the Truth in Lending Act and the Creditor Grantor Closed End Provisions are unfair and deceptive practices and *per se* violations of the Maryland Consumer Protection Act, Md.Com.Law II Code Ann. § 13–101 to –501 (1993). The thread of plaintiff's argument is that nondisclosure of the fact that charges are prohibited by law is deceptive because such nondisclosure is an omission of a material fact to which a significant number of unsophisticated consumers would attach importance in determining a choice of action. In support of its argument, the plaintiff cited *Golt v. Phillips,* 308 Md. 1, 517 A.2d 328 (1986). In that case, the Maryland Court of Appeals held that advertising and renting an unlicensed dwelling was an unfair and deceptive trade practice under the Maryland Consumer Protection Act. *Golt,* 308 Md. at 9, 517 A.2d 328. In so holding, the court found that implicit in the renting of a dwelling is the representation that such a

lease is lawful. In that case, the lease violated the Baltimore City Code, and therefore the defendant could not provide the plaintiff with an unimpeded right of possession during the lease term. The court also found that the implied representation that the proper licenses have been obtained is a representation that the dwelling has approval or characteristics that it does not have. In addition, the court considered whether the fact that a landlord does not have the proper licensing would be a material fact to which a consumer would attach importance when making a decision as to whether to sign the lease. *Golt,* 308 Md. at 10, 517 A.2d 328.

11. *Golt* is distinguishable from the present case. In *Golt,* the important implied representation was that the proper licenses had been obtained. The court's main concern was that the tenant had not received the benefit of his bargain, the right to unimpeded possession under the lease. In the instant case, the plaintiff received the benefit of his bargain, namely the proceeds of his loan. The document suffers from a mere technical violation of the Truth in Lending Act, and the plaintiff has not proved a violation of the Creditor Grantor Closed End Provisions. This Court notes that no Maryland court has addressed the issue of whether a violation of the Truth in Lending Act is a *per se* violation of the Consumer Protection Act and declines the opportunity to apply *Golt* to the present situation. *Cf. Citaramanis v. Hallowell,* 328 Md. 142, 613 A.2d 964 (1992), (Narrowing the application of *Golt* ).

12. In addition the plaintiff's argument is not consistent with the structure of the Maryland Consumer Protection Act. Section 13–301 defines "unfair or deceptive trade practices," and the statute lists several other provisions, the violation of which constitute unfair and deceptive trade practices *per se.* Md.Com.Law II Code Ann. § 13–301 (1993). The Truth in Lending Act and Credit Grantor Closed End Provisions are not found on the list. Plaintiff did not cite any authority for the proposition that violations of the Truth in Lending Act or Creditor Grantor Closed End Provisions are *per se* violations of the Consumer Protection Act, and this Court has found none. Accordingly,

**590**

summary judgment shall be denied as to the claims under the Maryland Consumer Protection Act.

*ORDER GRANTING PARTIAL SUM-MARY JUDGMENT IN FAVOR OF THE PLAINTIFF*

Based upon the foregoing memorandum opinion entered simultaneously herewith, it is hereby

ORDERED that partial summary judgment is GRANTED to the plaintiff as to a declaration that the defendant violated the Truth in Lending Act; and it is further

ORDERED that judgment is entered in favor of the plaintiff in the amount of One Thousand Dollars ($1,000.00) representing statutory damages pursuant to Section 1640(a)(2)(A) of the Truth in Lending Act; and it is further

ORDERED that summary judgment as to the remainder of the plaintiff's complaint is DENIED.

A hearing on the merits of the remainder of the plaintiff's complaint will be scheduled on Thursday, June 16, 1994 at 11:30 A.M. in Courtroom 9–D.