**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2416

FAYE D. LARRABEE,

                Plaintiff – Appellant,

        v.

BANK OF AMERICA, NA; FEDERAL HOME LOAN MORTGAGE
CORPORATION,

                Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (3:09-cv-00712-HEH)

Submitted:  February 10, 2012        Decided:  April 2, 2012

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry W. McLaughlin, III, LAW OFFICE OF HENRY MCLAUGHLIN, P.C.,
Richmond, Virginia, for Appellant.  Bryan A. Fratkin, Seth A.
Schaeffer, MCGUIRE WOODS LLP, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Faye D. Larrabee appeals the district court's orders granting in part Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss and granting Defendants' Fed. R. Civ. P. 56 motion for summary judgment in her civil action seeking rescission of two secured consumer credit transactions (one in 2006 and the other in 2007) under the Truth in Lending Act ("TILA"), 15 U.S.C.A. §§ 1601-1667f (West 2009 & Supp. 2011). Larrabee argues on appeal that the district court erred in granting Defendants' motion to dismiss because she adequately pled TILA violations with respect to the 2006 credit transaction and based on the use by a lender in connection with the 2007 credit transaction of a form notice to disclose her right to cancel that transaction. Larrabee also argues that the court erred in granting summary judgment to Defendants because an application fee disclosure made in connection with the 2007 credit transaction rendered unclear the notice disclosing her right to cancel. We affirm.

We review de novo the district court's Rule 12(b)(6) dismissal for failure to state a claim. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In this regard, we accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). While a plaintiff's statement of her claim "need only give the defendant fair notice of what the claim is and the grounds upon which it rests," id.

2

at 93 (internal quotation marks and alteration omitted), a complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based on "its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009).

After review of the record and the parties' briefs, we conclude that the district court properly dismissed Larrabee's claim challenging the 2006 credit transaction. Larrabee failed to state a plausible claim for relief under the TILA because her proposed reading of the notice disclosing the number and due dates of payments due under that transaction is not objectively reasonable. Further, because the disclosure to Larrabee of her right to cancel the 2007 credit transaction contained all of the information required by the TILA, 15 U.S.C.A. § 1635(a)-(b), and Regulation Z, 12 C.F.R. § 226.23(a)-(b), (d), the disclosure complied with the TILA. Watkins v. SunTrust Mortg., Inc., 663 F.3d 232, 238-40 (4th Cir. 2011). Accordingly, Larrabee did not state a plausible claim for TILA relief based on the lender's use of the form notice.

Turning to Larrabee's remaining claim, we review de novo the district court's adverse grant of summary judgment and construe the facts in the light most favorable to Larrabee, the non-moving party. PBM Prods., LLC v. Mead Johnson & Co.,

3

639 F.3d 111, 119 (4th Cir. 2011). Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

After review of the record, we conclude that the district court properly granted summary judgment to Defendants on Larrabee's remaining claim. Larrabee did not suggest that she was confused as to whether she could cancel the 2007 credit transaction without cost, and she did not put forth any evidence explaining how or suggesting that an average borrower faced with both the notice of right to cancel and the fee notice would be confused as to whether she could cancel the 2007 credit transaction without cost.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED