900 F.2d 33
 52 Fair Empl.Prac.Cas. 882,
53 Empl. Prac. Dec. P 39,800, 16 Fed.R.Serv.3d 695
 Helen L. SIMPSON, Plaintiff-Appellant,
v.
Nancy WELCH, M.D., Health Director, Chesapeake Department of
Health; Dale Hunsaker, M.D., Former Acting Health
Director, Chesapeake Department of
Health, Defendants-Appellees,
and
City of Chesapeake, Defendant. (Two Cases)
 Nos. 89-1468, 89-1508.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 8, 1990.
Decided April 5, 1990.
 
 James Ferbee Gay, Norfolk, Va., for plaintiff-appellant.
 Carol Smith Nance, Asst. Atty. Gen., Richmond, Va. (Mary Sue Terry, Atty. Gen., John A. Rupp, Sr. Asst. Atty. Gen., Alma F. Jackson, Asst. Atty. Gen., Richmond, Va., Ronald S. Hallman, City Atty., John E. Oliver, Deputy City Atty., Chesapeake, Va., on brief), for defendants-appellees.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and RUSSELL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The questions presented are whether the district court properly dismissed plaintiff's complaint and whether the court properly awarded sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. We hold that the dismissal was proper, but that Rule 11 does not provide authority for the sanctions imposed in this case.
 
 
 2
 * Appellant is a black employee at the Chesapeake Health Department in Chesapeake, Virginia. After receiving "Right to Sue" letters from the Equal Employment Opportunity Commission, she filed this employment discrimination suit on February 16, 1989, seeking relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e--2000e-17, and 42 U.S.C. Secs. 1981 and 1983. The individual appellees, the present and former directors of the Department, filed a motion to dismiss on March 13, 1989. The City of Chesapeake filed a motion for summary judgment on March 20, 1989.
 
 
 3
 An initial pretrial conference was held on April 3, 1989, at which all counsel were present. At the conference, an April 17, 1989 deadline was established for appellant to file responses to the motions to dismiss and for summary judgment, and a hearing on these motions was scheduled for May 2, 1989. See Joint Appendix ("J.A.") at 51, 65. Appellant failed to oppose these motions, and appellees moved for judgment on the pleadings. After appellant's counsel also failed to appear at the May 2, 1989 hearing, the district court granted appellees' motions and dismissed the complaint.
 
 
 4
 The court concluded that the Department and its employees were agents of the state, not the City. Therefore, the court granted the City's motion for summary judgment and held that the Eleventh Amendment barred appellant's claims for damages and other relief under 42 U.S.C. Secs. 1981 and 1983. See id. at 66-67. The Court also held that all of appellant's claims, including those under Title VII, should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Appellant's "vague and conclusory" allegations were insufficient to satisfy the notice pleading requirements of the Federal Rules of Civil Procedure. Id. at 68. In the alternative, the court held that "plaintiff's continued failure to follow the rules and orders of this Court or even to appear in Court as required justifies dismissal under Rule 41(b)." Id. at 69.
 
 
 5
 Appellees moved for an award of attorneys' fees and costs, and appellant moved under Rule 60(b) for relief from the order of dismissal. The district court denied the Rule 60(b) motion, finding no excuse for appellant's counsel's neglect in failing to respond to appellees' motions to dismiss and for summary judgment. See id. at 96. The court extended the deadline for appellant to oppose appellees' motion for attorneys' fees and costs, see id. at 97, but appellant again failed to file any opposition. Thus, on July 13, 1989, the district court granted appellees' motion for attorneys' fees and costs.
 
 II
 
 6
 The allegations in appellant's complaint are insufficient to state a claim upon which relief can be granted.* Appellant alleges that she was "required to work in places and under conditions where prejudice and bias exist," id. at 1, but her complaint nowhere alleges any specific oppressive conditions or expressions of "prejudice and bias." She alleges that she was "denied opportunities to be promoted," id., but never indicates the positions for which she applied. She asserts that she was "treated poorly on the job and harassed," id., but described no specific incidents of improper treatment or of harassment. As the district court stated:
 
 
 7
 The Complaint contains no factual allegations whatsoever to support these charges. The plaintiff has set forth no specific incidents of discrimination, no details of promotions to which she was entitled but which she did not receive, no explanation of the forms that any alleged harassment took, no specifics regarding her claims of disparate treatment of blacks and whites. The Complaint alleges religious discrimination but fails even to state what plaintiff's religious affiliation is, let alone how it has been the basis of any discriminatory acts. In short, the Complaint fails to allege sufficient facts to state a claim of racial or religious discrimination.
 
 
 8
 Id. at 68. Appellant's conclusory allegations of discrimination and harassment do not state a claim upon which relief can be granted. See Settles v. Pinkerton, Inc., 482 F.Supp. 461, 468 (D.S.C.1979); Feazell v. Augusta County Jail, 401 F.Supp. 405, 407 (W.D.Va.1975). The district court properly dismissed appellant's complaint in its entirety.
 
 
 9
 In the alternative, the district court did not abuse its discretion when it dismissed appellant's complaint for failure to comply with court orders. Appellant failed to oppose appellees' motions to dismiss and for summary judgment, even after the district court extended the time to respond, and appellant's counsel failed to appear at the May 2, 1989 hearing. The district court acted within its discretion when it dismissed the complaint under Rule 41(b). See Patuxent Section I Corp. v. St. Mary's County Metropolitan Comm'n, 19 Fed.R.Serv.2d 1395 (4th Cir.1975).
 
 III
 
 10
 Although appellees moved for attorneys' fees and costs under Rules 11 and 54(d) of the Federal Rules of Civil Procedure and under 42 U.S.C. Sec. 1988, the district court's order awarding fees and costs mentions only Rule 11. See J.A. at 111-17. Rule 11 states:
 
 
 11
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 12
 The rule imposes "a duty to conduct a pre-filing examination of both the facts and the law before instituting legal process." Cabell v. Petty, 810 F.2d 463, 466 (4th Cir.1987). The rule does not purport to be a means for district courts to sanction conduct in the course of a lawsuit, such as failure to comply with court orders, that does not involve the signing of pleadings, motions, or other papers.
 
 
 13
 The district court faulted appellant for filing a suit in which the "weight of existing law" favored appellees on the claims under 42 U.S.C. Secs. 1981 and 1983, but the court admitted that there was a legal basis for appellant's Title VII claims. See J.A. at 114, 67. The court justified its sanction under Rule 11 by noting that appellant had failed to oppose the motions to dismiss and for summary judgment and that the complaint set forth only vague and conclusory allegations. See id. at 114. But this does not establish that there was not a factual and legal basis for appellant's claim under Title VII. It merely establishes that appellant's counsel failed to comply with court orders and filed an inartfully pled complaint. Even a vague and conclusory complaint may be "well grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. Indeed, if Rule 11 permitted sanctions merely on the basis of inartful pleading, rather than for a failure to investigate the legal and factual basis for that pleading, Rule 12(e) motions for a more definite statement would be virtually unheard of. The fact that appellant's complaint was vague and conclusory does not justify sanctions under Rule 11.
 
 
 14
 The district court also awarded attorneys' fees and costs because of appellant's counsel's "blatant disregard" for the local rules of the district court and for "his lackadaisical attitude in failing to respond to defendants' Motion for Award of Attorneys' Fees." Id. at 114-15. Because the order awarding fees and costs does not indicate any other source of authority, we must presume that the district court awarded fees on this ground pursuant to Rule 11. Again, Rule 11 is inapplicable. Rule 16(f) specifically provides for sanctions "[i]f a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference." In contrast, Rule 11, by its own terms, can never be the basis for sanctions for failure to file certain papers. Thus, although appellant's counsel's conduct in the course of this lawsuit fully justified sanctions, Rule 11 is an inappropriate vehicle for the imposition of such sanctions. Because appellees' motion for attorneys' fees and costs rested on a number of grounds and because the district court appeared to rely only on Rule 11, the award of fees and costs must be vacated and the issue remanded to the district court for consideration of alternative bases for such an award.
 
 IV
 
 15
 The district court properly dismissed appellant's complaint for failure to state a claim upon which relief could be granted and for failure to comply with court orders. Although the district court had ample grounds under Rule 16(f) for imposing sanctions on appellant's counsel, Rule 11 does not provide authority for sanctions in this case. Accordingly, the judgment of the district court is
 
 
 16
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER CONSIDERATION.
 
 
 
 *
 Because the district court's denial of relief can be affirmed on the non-constitutional ground that the complaint fails to state a claim upon which relief can be granted, we think it unnecessary to address appellant's contention that the Eleventh Amendment does not bar her claims under 42 U.S.C. Secs. 1981 and 1983. See Ashwander v. Tennessee Valley Auth., 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring)