**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELOIS D. HAIRSTON,
Plaintiff-Appellant,

v.

MULTI-CHANNEL TV CABLE
COMPANY,                                              No. 95-2363
Defendant-Appellee,

and

ADELPHIA CABLE COMMUNICATIONS,
Defendant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Chief District Judge.
(CA-94-74-D)

Submitted: December 19, 1995

Decided: March 19, 1996

Before HALL, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert A. Williams, WILLIAMS, LUCK & WILLIAMS, Martins-
ville, Virginia, for Appellant. John D. McKay, David C. Wagoner,
BARRICK & MCKAY, P.L.C., Charlottesville, Virginia; Rhona S.

Alter, Assistant General Counsel, ADELPHIA CABLE COMMUNI-
CATIONS, Coudersport, Pennsylvania, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Elois Hairston appeals from the district court's order
granting Appellee Multi-Channel TV Cable Co.'s ("the Company")
motion to dismiss her action. Finding no reversible error, we affirm.

Hairston filed a complaint in state court alleging that a supervisor
racially harassed her while she was employed by the Company. The
complaint alleged that the harassment violated Virginia public policy.
The Company removed the suit to federal court based upon diversity
of citizenship. 28 U.S.C. § 1332 (1988). Hairston is a resident of Vir-
ginia and the Company is an Ohio corporation with its principal place
of business in Pennsylvania.

The Company moved to dismiss under Fed. R. Civ. P. 12(b)(4),
(5), and (6). Alternatively, the Company moved for summary judg-
ment. Following argument on the motions, the district court granted
the Company's motion to dismiss for failure to state a claim upon
which relief may be granted. Hairston timely appealed.

Hairston was employed by the Company as a customer service rep-
resentative from October 25, 1985, until November 23, 1993. In her
motion for judgment, Hairston alleged that for more than one year
prior to her termination, she was harassed by Betty Wald, a Company
supervisor. Hairston alleged that Wald harassed her on account of her
race, which caused Hairston's blood pressure to rise and caused her
physician to advise her to terminate her employment. Hairston alleged
that she contacted managers at the Company before her termination

2

and described her problem with Wald and her health problems. Finally, Hairston alleged that the Company did nothing to stop the harassment.

After the Company removed Hairston's case to federal court, the district court entered a standard pretrial order. The order stated that briefs on opposition to motions must be filed within fourteen days of the date of service of the movant's brief. The order further stated that except for good cause shown, if an opposition brief was not filed, the motion would be deemed well-taken. Hairston's counsel admitted that he received a copy of the pretrial order on January 9, 1995. The Company served its motion to dismiss on January 24, 1995; consequently, the pretrial order required Hairston to file a brief in opposition no later than February 10, 1995. When Hairston failed to timely file a brief in opposition, the Company filed a motion for relief based on Hairston's failure to comply with the pretrial order on February 21, 1995. The Company noticed its motion for hearing on March 3, 1995, the same date as that scheduled for a hearing on its previously filed motion to dismiss.

On March 2, 1995, the day before the hearing, Hairston's counsel faxed to the Company a brief in opposition to the motion to dismiss. Hairston's counsel filed the brief in opposition to the motion to dismiss with the court on the morning of the hearing. Hairston never filed a brief in opposition to the Company's motion for relief.

At the hearing on the Company's two motions, counsel for the Company asserted that it had been prejudiced by Hairston's failure to timely provide a brief in opposition because it was impossible to discern from the original complaint which theory Hairston relied upon in her claim for relief. The district court noted that its preparation for the hearing had been hampered as well. Hairston's counsel attributed his failure to comply with the pretrial order to his inexperience in the federal court system.

I. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

We review de novo a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. denied, 503 U.S. 936 (1992).

3

In her motion for judgment, Hairston offered only vague allegations of "harassment" and "disparate treatment" based upon her race. Those conclusory allegations fail to state a claim. See Simpson v. Welch, 900 F.2d 33, 35 (4th Cir.1990); United Black Firefighters v. Hirst, 604 F.2d 844 (4th Cir. 1979). Hairston's failure to identify even one specific act of harassment or disparate treatment brought her case squarely within Rule 12(b)(6).

Hairston's brief asserts that she attempted to allege a constructive discharge claim in her state court complaint. The record reveals, however, that Hairston failed to plead the essential elements of such a claim. Constructive discharge occurs only when an employer deliberately makes an employee's work conditions intolerable in an effort to induce that employee to quit. "Deliberateness exists only if the actions complained of `were intended by the employer as an effort to force the employee to quit.'" Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985), cert. denied, 475 U.S. 1082 (1986) (quoting EEOC v. Federal Reserve Bank of Richmond, 698 F.2d 633, 672 (4th Cir. 1983), rev'd on other grounds, 467 U.S. 867 (1984)). To establish constructive discharge, a plaintiff must allege and prove both deliberate action on the part of the employer and intolerable working conditions. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1354 (4th Cir. 1995).

Because Hairston was required to allege all facts necessary to establish a cause of action, Chisolm v. Charlie Falk Auto Wholesalers, 851 F. Supp. 739 (E.D. Va. 1994), the district court properly dismissed her action because her complaint did not give the Company notice of a constructive discharge claim. Moreover, in her letter of resignation, Hairston notified the Company that her reasons for quitting were her distrust of a supervisor, general dissatisfaction with her job, and alleged hypertension. Hairston's resignation letter mentioned neither intolerable conditions nor racially-based harassment.

Finally, Hairston asserts that her constructive discharge claim is included in the narrow exception to Virginia's employment-at-will doctrine identified in Lockhart v. Commonwealth Educ. Sys. Corp., 439 S.E.2d 328 (Va. 1994). In Lockhart, an employee was demoted and eventually fired for refusing to participate in her employer's

4

racially discriminatory practices. The Virginia Supreme Court recognized a narrow non-statutory, public-policy based exception to the employment-at-will doctrine in circumstances where employees are terminated because of discrimination based upon gender or race. Id. at 332. However, no Virginia court has expanded the Lockhart exception to a claim of constructive discharge. Thus, the district court properly dismissed Hairston's action for failure to state a claim. See Spencer v. General Elec. Co., 894 F.2d 651, 657 (4th Cir. 1990) (federal courts should use caution in extending state law to a point beyond which a state's highest court has not taken it).

II. Dismissal for Failure to Comply With Court Order

A district court may dismiss a complaint based upon a plaintiff's failure to comply with court orders. Simpson v. Welch, 900 F.2d at 35. Hairston's counsel conceded that he received a copy of the district court's pretrial order. Hairston offered no reason to explain how her counsel's unfamiliarity with the federal court system could constitute "good cause" for not enforcing the clear text of the pretrial order. Hairston also offered no explanation how the district court's decision to enforce the provisions of its pretrial order constitutes an abuse of discretion.

Moreover, Hairston failed to act even after receiving notice of her default. On February 17, 1995, the Company served Hairston with its motion for relief based upon her failure to comply with the pretrial order. Hairston did not file her brief in opposition until March 3, 1995. Even then, Hairston did not address her violation of the pretrial order. Based on these facts, we find that the district court did not abuse its discretion in dismissing her action for failure to comply with its order.

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5