**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CELINDAH J. GRIER,
Plaintiff-Appellant,

v.                                                                          No. 97-1167

THE TITAN CORPORATION,
Defendant-Appellee.

CELINDAH J. GRIER,
Plaintiff-Appellee,

v.                                                                          No. 97-1168

THE TITAN CORPORATION,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge; Albert V. Bryan, Jr.,
Senior District Judge.
(CA-95-900-A)

Argued: July 7, 1997

Decided: August 15, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and
Joseph F. ANDERSON, Jr., United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Michael Bredehoft, CHARLSON & BREDEHOFT, P.C., Reston, Virginia, for Appellant. K. Stewart Evans, Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Elaine C. Bredehoft, CHARLSON & BREDEHOFT, P.C., Reston, Virginia, for Appellant. John J. Michels, Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Celindah Grier, brought Title VII claims for constructive discharge and retaliation against her former employer, Titan Corporation. The claims were tried to a jury twice. The first jury awarded Grier both compensatory and punitive damages on her claims. Subsequently, the district court granted Titan's Rule 59 motion for a new trial on Grier's Title VII retaliation and constructive discharge claims, ruling that the jury's verdict was against the clear weight of the evidence.[1] Grier's claims were then tried to a second jury, which also returned a verdict for compensatory and punitive damages on both Grier's retaliation claim and her constructive discharge claim. The district court then entered judgment as a matter of law under Rule 50 for Titan on the constructive discharge claim and on the punitive damages award. The district court denied Titan's motion for judgment

_____

[1] The district court also granted Titan's motion for judgment as a matter of law on Grier's claim for constructive discharge under Virginia law. Relying on our decision in Hairston v. Multi-Channel TV Cable Co., 1996 WL 119916 (4th Cir. March 19, 1996) (per curiam), the court held that Virginia common law provided no such cause of action.

2

as a matter of law on Grier's retaliation claim, and also denied Titan's motion for a new trial.

This appeal followed. Grier appeals the trial court's grant of a new trial after the first trial; she also appeals from the district court's grant of judgment as a matter of law on her constructive discharge claim and punitive damages award after the jury verdict in the second trial. Titan cross appeals the court's denial of its Rule 50 motion on Grier's retaliation claim following the second trial.

The district court granted judgment as a matter of law on Grier's constructive discharge claim because it concluded that, although "the record may be adequate for a reasonable trier of fact to find that defendant deliberately intended to force plaintiff to resign, it does not allow a reasonable trier of fact to conclude that plaintiff's work environment was objectively intolerable." District Court Order of Dec. 24, 1996, at 4. Grier's evidence demonstrated that her working conditions "may have been unpleasant and even subjectively intolerable," id. at 10, but did not -- as required to prove constructive discharge -- leave her "no choice but to resign." Id. at 4 (quoting Blistein v. St. John's College, 74 F.3d 1459, 1468 (4th Cir. 1996)).

Specifically, the district court found that any reduction in Grier's work opportunities "was not only prospectively temporary, but also quite brief." Id. at 7. Additionally, Grier's "chief reason for leaving" -- Titan's failure to address both Grier's claims of retaliation and her underlying claims of gender discrimination -- did not evidence an objectively intolerable environment. Rather, said the district court, Grier was attempting to "bootstrap tolerable conditions into an intolerable working environment by claiming that [the] employer responded inadequately to complaints concerning the tolerable workplace."[2] Id. at 8. Nevertheless, the district court also found that

_____

[2] Moreover, we note that there was no evidence that Titan's failure to respond to Grier's underlying claims of gender discrimination was a targeted attempt to compel Grier to resign. Cf. Paroline v. Unisys Corp., 879 F.2d 100, 114 (4th Cir. 1989) (Wilkinson, J., concurring in part and dissenting in part) ("Although a failure to act in the face of known intolerable conditions may create an inference that the employer was attempting to force the plaintiff to resign, such an inference depends upon some

3

there was sufficient evidence for the jury to find that Titan had taken retaliatory measures against Grier, even though those actions -- taken together -- did not create an objectively intolerable workplace.

As to the punitive damages award, the district court held that there was "no evidence in the record that any retaliatory acts by defendant were conducted with malice, ill-will, spite or hatred." Id. at 11. More-over, there was no evidence -- beyond that required to show that Titan had intentionally retaliated against Grier-- to demonstrate that Titan acted with "reckless indifference" to Grier's federally protected rights. Id. at 10-11. Reasoning that "the`reckless indifference' stan-dard for awarding punitive damages must require more than a show-ing of intentional retaliation" to avoid making punitive damages available in all retaliation cases, the district court granted judgment as a matter of law on Grier's punitive damage claim as well. Id. at 12.

In sum, after presiding over two complete jury trials of Grier's retaliation and constructive discharge claims, the district court was convinced that there was insufficient evidence to support Grier's con-structive discharge claim and her punitive damage award. Of course, the fact that two successive juries found in Grier's favor counsels cau-tion in setting aside the second jury's verdict as unsupported by the evidence. See Massey-Ferguson Credit Corp. v. Webber, 841 F.2d 1245, 1250 (4th Cir. 1988). However, the district court was quite clear on the record below that it allowed Grier's claims to go to the jury the second time, not because it believed there was sufficient evi-dence to support them, but because it was concerned that this court would apply more lenient standards for constructive discharge and punitive damages. Thus, the district court allowed the case to go to the jury so that there would be no need for a new trial if we disagreed with the court as to the proper standards to be applied to Grier's claims. JA at 6605, 6637.

Having reviewed the record, the arguments and briefs of counsel, and the order of the district court, we believe that the district court

_____

evidence that the inaction of the employer was directed at the plaintiff.") (emphasis in original), adopted by 900 F.2d 27, 28 (4th Cir. 1990) (en banc) (per curiam).

4

correctly applied the proper standards in this case, and we affirm on the reasoning of the district court.**3**

AFFIRMED

_____

**3** It is far from clear that the district court's grant of a new trial after the first jury trial is reviewable by us at this time. However, even assuming that the grant of the new trial is now reviewable, the district court did not abuse its discretion in concluding that the first jury's verdict was against the clear weight of the evidence, and thus, that a new trial should be ordered. Because the records in the first and second trials were so similar and because the grant of a new trial is reviewed for abuse of discretion -- rather than de novo as is the grant of judgment as a matter of law -- our holding that the defendant was entitled to judgment as a matter of law on the constructive discharge claim after the second trial means, a fortiori, that the district court did not abuse its discretion in granting a new trial after the first trial based on the same concerns about the sufficiency of the evidence. Of course, the district court granted a new trial on the retaliation claims after the first trial, but refused Titan's request for judgment as a matter of law on that claim after the second trial. We are satisfied, however, that while the evidence of retaliation is enough to sustain a jury verdict, it is weak enough that a judge could find that such a verdict was against the weight of the evidence and order a new trial.

5