**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SONJA L. MITCHELL,
Plaintiff-Appellant,

v.                                                    No. 96-2223

AT&T CORPORATION,
Defendant-Appellee.

SONJA L. MITCHELL,
Plaintiff-Appellee,

v.                                                    No. 97-1071

AT&T CORPORATION,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, District Judge.
(CA-96-142-A)

Submitted: November 12, 1997

Decided: December 16, 1997

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

No. 96-2223 affirmed and No. 97-1071 affirmed in part, vacated in
part, and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

John William Karr, LAW OFFICE OF JOHN W. KARR, Washington, D.C., for Appellant. Stephen W. Robinson, MCGUIRE, WOODS, BATTLE & BOOTH, L.L.P., McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sonja Mitchell worked for AT&T Corp. (AT&T) from 1972 until her termination in 1993. Over the last eight years of her employment with AT&T, Mitchell was often absent. As a consequence of an automobile accident in 1989, Mitchell was totally incapacitated by back injuries from May 4, 1992, until April 18, 1993. On April 19, 1993, Mitchell's physician certified that she was able to return to light work duties. But AT&T terminated her employment as of February 19, 1993, "due to [her] continued failure to provide sufficient documentation to substantiate [her] disability."

Mitchell filed this action in the District Court for the District of Columbia, alleging a violation of the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 1997). On motion of AT&T, the court concluded that venue was improper in the District of Columbia, and transferred the case to the Eastern District of Virginia. Following discovery, AT&T moved for summary judgment and Mitchell opposed the motion. The district court granted summary judgment for AT&T. The court subsequently denied AT&T's application for costs and attorneys' fees, but sanctioned Mitchell's attorney, John Karr, for violating Fed. R. Civ. P. 11. In No. 96-2223, Mitchell appeals from the entry of summary judgment against her; in No. 97-1071, AT&T appeals from the denial of costs and attorneys' fees.

2

I

The ADA prohibits discrimination by a covered entity"against a qualified individual with a disability because of the disability . . . ." 42 U.S.C.A. § 12112(a) (West 1995). A qualified individual with a disability is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A.§ 12111(8) (West 1995). To establish a violation of the ADA, Mitchell must prove (1) that she has a disability; (2) that she is qualified for the job; and (3) that her termination was unlawful discrimination based on her disability. Tyndall v. National Educ. Ctrs., 31 F.3d 209, 212 (4th Cir. 1994). Where the employer disavows any reliance on a discriminatory reason for its adverse action, the burden of proof analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973), is applicable. Ennis v. National Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 57-58 (4th Cir. 1995).

Here, the central issue is whether Mitchell is a qualified individual under the Act. In addition to having the skill necessary to perform the job, an employee must be able to come to work regularly. Tyndall, 31 F.3d at 213. Mitchell did not attend work for nine months of the last year she was employed. It is undisputed that her position required regular attendance. Therefore, the district court's entry of summary judgment was appropriate.

Mitchell argues on appeal that because she suffered from a temporary, curable injury, AT&T was required under the ADA to await her recovery. This court's decision in Myers v. Hose , 50 F.3d 278, 282-83 (4th Cir. 1995), holds to the contrary. Under Myers, "reasonable accommodation does not require [the employer] to wait indefinitely for [the employee's] medical conditions to be corrected . . . ." Id. at 283. Mitchell asserts that because her back problems are curable, in contrast to Myers's diabetes, hypertension, and heart disease, the holding in that case should not control. But at the time Mitchell was terminated, her back problems had gone on for years, she had missed most of the previous year from work, and she had provided no prognosis as to when she would be able to return to work. It was only after her termination that Mitchell was declared fit for work. Therefore, the distinction she argues does not merit reversal.

3

II

AT&T appeals the district court's denial of its petition for $47,446.94 in costs and attorneys' fees. AT&T requested the award against Mitchell and Karr, jointly and severally, pursuant to 42 U.S.C.A. § 1988(b) (West Supp. 1997); 42 U.S.C. § 2000e-5(k) (1994); 28 U.S.C. § 1927 (1994); and Fed. R. Civ. P. 11. The district court found that Karr had violated Rule 11(b)(2), and ordered Karr to attend a Continuing Legal Education Course at his own expense. The district court denied the petition on the alternate grounds without discussion. AT&T appeals from this order.

On appeal, AT&T challenges both the denial of costs and fees under Rule 11 and the refusal of the remaining grounds. The district court, in a lengthy opinion, made its findings as to the adequacy of Karr's conduct under the Rule. The court found that Karr had violated Rule 11(b)(2) by pursuing the case after Mitchell, at her deposition, repeatedly asserted that she had been totally disabled, and after AT&T had informed Karr of the controlling precedent in Tyndall. The district court ruled that costs and attorneys' fees were not appropriate under the circumstances, and that the appropriate sanction was to order Karr to attend a Continuing Legal Education program at his own expense.

We review the denial of costs and attorneys' fees under Rule 11 for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). The district court, in its thorough consideration of the Rule 11 issues, did not abuse its discretion, and we affirm its ruling.

Because the district court did not address AT&T's request for costs and attorneys' fees under 28 U.S.C. § 1927; 42 U.S.C. § 1988; or 42 U.S.C. § 2000e-5(k), we cannot determine whether the denial of costs and fees on these grounds was an appropriate exercise of discretion. Therefore, we vacate the judgment of the district court on these statutory requests and remand the case for further proceedings. See Simpson v. Welch, 900 F.2d 33, 36 (4th Cir. 1990) (awarding fees under Rule 11 was inappropriate, but district court failed to address alternative legal theories).

Accordingly, we affirm summary judgment of the district court for AT&T on Mitchell's ADA claim in No. 96-2333. In No. 97-1071, we

4

affirm the district court's ruling on the Fed. R. Civ. P. 11 sanction. We vacate the judgment as to the petition for costs and attorneys' fees under 28 U.S.C. § 1927; 42 U.S.C. § 1988; or 42 U.S.C. § 2000e-5(k), and remand for further consideration of those issues. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 96-2223 - <u>AFFIRMED</u>
No. 97-1071 - <u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

5