**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NORMAN BRISSETT,
<u>Plaintiff-Appellant,</u>

v.

BRIAN C. PAUL, Officer, Badge No.
5534, individually and in his
official capacity as a Rockville City
Police Officer; CAPTAIN ENGLAND,
Individually and in his official
capacity as a Rockville City Police
Officer; CHARLES HOLZBERGER,
Lieutenant, Rockville City Police
Department, individually and in his
official capacity; THE SEVERAL
UNNAMED ROCKVILLE CITY POLICE
OFFICERS, with the Rockville City

Police Department, individually and
in their official capacity as
Rockville City Police Officers;
TERRANCE TRESCHUK, Chief of
Police; THE CITY OF ROCKVILLE,
MARYLAND; C. JAN GRAHAM,
Lieutenant, former Deputy
Commander for the Rockville
District Station, individually and in
her official capacity as a
Montgomery County Police Officer;
EDWARD CLARKE, Captain,
individually and in his official
capacity as a Montgomery County
Police Officer; J. P. QUINN,

No. 97-6898

Lieutenant, individually and in his
official capacity as a Montgomery
County Police Officer; RODERICK
STEPHENS, Officer, individually and
in his official capacity as a
Montgomery County Police Officer;
DONALD E. MATES, Director, Office
of Internal Affairs for Montgomery
County, individually and in his
official capacity as a Montgomery
County Police Officer; THE SEVERAL
UNNAMED MONTGOMERY COUNTY
POLICE OFFICERS, with the
Montgomery County Police
Department, individually and in
their official capacity as
Montgomery County Police
Officers; CLARENCE EDWARDS,
Former Chief of Police for
Montgomery County, in his official
capacity; MONTGOMERY COUNTY,
MARYLAND,
Defendants-Appellees,

BALTIMORE POLICE DEPARTMENT,
Movant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-95-866-AW)

Submitted: February 10, 1998

Decided: April 6, 1998

Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.

_____

2

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Mayda Colon Tsaknis, Rockville, Maryland, for Appellant. Charles W. Thompson, Jr., County Attorney, Linda B. Thall, Chief Counsel, Rockville, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Norman Brissett, a Jamaican-born Montgomery County, Maryland, police officer, was driving an unmarked police cruiser on his way to a dental appointment when the cars in front of him came to a stop at an intersection with a red light. When the light turned green, several vehicles in front of Officer Brissett moved through the intersection, but a white van immediately in front of Officer Brissett's vehicle stopped in the middle of the intersection. Officer Brissett and several drivers behind him blew their horns to encourage the van driver to proceed through the intersection because the light was still green.[1]

In response to the horn blowing, Defendant Brian C. Paul, a Caucasian Rockville, Maryland police officer, approached Officer Brissett's vehicle and began shouting about Officer Brissett's horn-blowing.[2] An argument between the two officers ensued. During the argument, Officer Paul asked Officer Brissett several times for his driver's

_____

[1] Unbeknownst to Officer Brissett, there was an accident in the intersection which caused the white van to stop.
[2] Officer Paul had been going to the scene of the accident when the altercation with Officer Brissett began.

3

license. Officer Brissett responded that he had identification on him, but never physically handed the license over and never informed Officer Paul that he was a police officer. Officer Brissett claims that he did not retrieve his identification because it was located on the same side of his body as his personal weapon, and considering Officer Paul's state of mind, he feared for his personal safety if Officer Paul saw the weapon. Officer Paul eventually asked Officer Brissett to step out of his vehicle. Shortly thereafter, Officer Paul arrested Officer Brissett. During the arrest, Officer Paul pushed Officer Brissett against his vehicle and then handcuffed him and escorted him to the back seat of Officer Paul's police cruiser.

Officer Brissett filed suit pursuant to 42 U.S.C.§§ 1981, 1983, 1985, & 1988 (1994). He alleged violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights and raised various common law claims.[3] By order dated November 10, 1995, the district court granted Defendants' motion for partial dismissal. The court dismissed Officer Brissett's state law claims for assault, battery, false arrest, false imprisonment, and slander because Officer Brissett failed to file a notice of claim within 180 days as required by the Maryland Local Government Tort Claims Act. See Md. Code Ann., Cts. & Jud. Proc. § 5-404(a) (1995). The court also dismissed Officer Brissett's claims of First and Eighth Amendment violations and his claims under 42 U.S.C. §§ 1985, 1986 (1994), for failure to state a claim. Finally, the court dismissed the claims against Defendants Clarence Edwards and Terrance Treschuk, in their official capacities as Chiefs of Police, because Officer Brissett named the local governments that employed them and naming the local officials in their official capacities was, therefore, redundant and unnecessary. [4]

Thereafter, the district court granted Defendants' motion to bifurcate the individual claims against Officer Paul from the claims against the city and Officer Paul in his official capacity. Defendants then moved for summary judgment, which the district court granted by order dated May 27, 1997. The court granted the motion as to Officer

_____

[3] Officer Brissett voluntarily abandoned his Fifth and Fourteenth Amendment claims.
[4] The only claims remaining were Officer Brissett's claims against Officer Paul and the City of Rockville under 42 U.S.C. §§ 1981, 1983.

Brissett's § 1981 claim of discriminatory arrest, finding that he failed to put forth any evidence of intentional discrimination. The court also dismissed Officer Brissett's § 1983 claims. The court found Officer Brissett's claim that Officer Paul lacked probable cause to arrest him meritless because Officer Brissett's act of blowing the horn violated Md. Code Ann., Transp. § 22-401(b) (1992). [5] In addition, Officer Brissett failed to physically surrender his license upon demand, which violated Md. Code Ann., Transp. § 16-112(a), (c) (1992).[6] The court found that Officer Brissett's violation of the Maryland traffic laws, coupled with the tense situation resulting from the argument, gave Officer Paul probable cause to arrest Officer Brissett.[7] The court also found no merit to Officer Brissett's claim that Officer Paul used excessive force to effectuate the arrest when Officer Paul pushed Officer Brissett against the vehicle to handcuff him and then held his arms in such a way as to inflict pain because there was no proof that Officer Brissett suffered any major physical injuries. Furthermore, Officer Brissett admitted in court that his physical injuries were minor and that his injuries were "more emotional" than physical. In addition to finding both claims under § 1983 meritless, the court also found that Officer Paul was entitled to qualified immunity. Accordingly, because the City of Rockville's liability was derivative and because the court dismissed all claims against Officer Paul in his individual capacity, the court also dismissed all claims against the City of Rock-

_____

[5] The Maryland Vehicle Law provides that the driver shall only use the horn "when reasonably necessary to insure safe operation." Md. Code Ann., Transp. § 22-401(b). The district court found that Officer Brissett blew his horn out of frustration and impatience and thereby violated the statute.

[6] The Maryland Vehicle Law provides that "`display' means the manual surrender of the licensee's license into the hands of the demanding officer for inspection." Md. Code Ann., Transp.§ 16-112(a). The statute also provides that every vehicle driver must "display the license to any uniformed police officer who demands it." Md. Code Ann., Transp. § 16-112(c).

[7] The court also took note of Md. Code Ann., Transp. § 26-202(a)(2)(I) (1992), which provides that a police officer may make a warrantless arrest of an individual who violates a Maryland Vehicle Law "within the view or presence of the officer, and . . . the person does not furnish satisfactory evidence of identity."

ville and Officer Paul in his official capacity. Officer Brissett timely noted an appeal.**8**

I.

This court reviews de novo a district court's Fed. R. Civ. P. 12(b)(6) dismissal. See Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

A.

Officer Brissett contends that the district court erred when it dismissed his state law claims for failure to comply with the 180 day Notice of Claim requirement found in the Maryland Local Government Tort Claims Act. See Md. Code Ann., Cts. & Jud. Proc. § 5-404(a). Although he concedes that he notified the municipality 181 days after the incident with Officer Paul, he alleges that Defendants were not prejudiced by his delay. Thus, because Defendants failed to establish prejudice under § 5-404(c), Officer Brissett claims that the district court should have waived the notice requirement and evaluated his claims.

The notice requirement of § 5-404(c) may be waived "unless the defendant can affirmatively show that its defense has been prejudiced by lack of required notice, upon motion and for good cause shown." Thus, to obtain a waiver of the notice requirement, Officer Brissett must establish good cause for his failure to comply, and the Defendants must be unable to establish that they were prejudiced by the default. See Md. Code Ann., Cts. & Jud. Proc. § 5-404(c). Officer Brissett failed to proffer any reason for failing to meet the notice requirement. Accordingly, the district court did not err in refusing to waive the notice requirement and in dismissing Officer Brissett's state law claims for failing to comply with the notice of claim statute.

_____

**8** Officer Brissett's notice of appeal did not specifically identify the district court's November 10, 1995, order; however, because Officer Brissett's timely notice of appeal was "from the judgment as a whole, this court obtained jurisdiction to review the entire judgment." LaFaut v. Smith, 834 F.2d 389, 394 n.9 (4th Cir. 1987).

B.

Officer Brissett next challenges the district court's dismissal of his First Amendment claim. The court properly dismissed the claim, however, because Officer Brissett failed to allege any facts in his Complaint to establish that his speech was restrained. On appeal, Officer Brissett states that the use of his horn to tell the driver in front of him to move along constituted protected speech. He also contends that his statements to Officer Paul during the altercation constituted protected speech. However, Officer Brissett failed to raise these arguments before the district court. He is therefore precluded from raising them for the first time on appeal. See Singleton v. Wulff, 428 U.S. 106, 120-21 (1976); Bakker v. Grutman, 942 F.2d 236, 242 (4th Cir. 1991).

C.

The district court dismissed Officer Brissett's conspiracy claims brought under 42 U.S.C. §§ 1985, 1986, because Officer Brissett failed to allege facts suggesting a meeting of the minds or a conspiracy. Rather, Officer Brissett's Complaint contained conclusory allegations that Defendants conspired with one another to deprive him of his constitutionally protected rights, to deny a citizen's complaint he filed against Officer Paul, and to find him guilty of the charges of non-conformance to law and conduct unbecoming a police officer. To prove a § 1985 conspiracy, Officer Brissett must show an agreement or a meeting of the minds among the Defendants to violate his constitutional rights. See Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The threshold requirement is very high, and this court "has rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." See id. Mere conclusory allegations "unsupported by a factual showing of participation in a joint plan of action, are insufficient to support a § 1985(3) action." See id. As the district court properly found, Officer Brissett offered only unsupported, conclusory allegations that lacked a factual basis. Thus, this claim was properly dismissed.

The insufficiency of Officer Brissett's § 1985 claim renders insufficient his § 1986 claim. Section 1986 provides a cause of action against any party with knowledge of a § 1985 conspiracy who fails

7

to attempt to prevent the conspiracy. Officer Brissett's claim fails because a § 1986 claim is dependent on the existence of a § 1985 claim. See Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). Because the § 1985 claim is meritless, the§ 1986 claim fails as well.

II.

We review an order granting summary judgment de novo. See Jones v. Wellham, 104 F.3d 620, 626 (4th Cir. 1997). Summary judgment is properly granted if the movant can show that there is no material fact in dispute when viewing the evidence in the light most favorable to the nonmovant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986). If the nonmovant fails to establish an essential element of his claim, summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A.

Officer Brissett contends that the district court erred by granting summary judgment on his 42 U.S.C. § 1981 claim. Taking the facts in the light most favorable to Officer Brissett, the record reveals that: (1) several motorists, including Officer Brissett, blew their horns after the white van failed to proceed through the intersection; (2) Officer Brissett was located in the line of traffic immediately behind the white van; (3) Officer Brissett was the only black person in the line of traffic; and (4) the only motorist that Officer Paul questioned or arrested about blowing the car horn was Officer Brissett. These facts, however, are not sufficient to establish intentional discrimination as required to state a claim under § 1981. Officer Brissett has provided nothing more than conclusory allegations of discrimination. There is no evidence that Officer Paul's motive for approaching Officer Brissett's vehicle, which happened to be the first vehicle located directly behind the white van, was racially motivated. Accordingly, the district court properly granted summary judgment on this claim. See Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) ("[C]onclusory allegations of discrimination and harassment do not state a claim upon which relief can be granted.").

B.

Officer Brissett next argues that Officer Paul did not have probable cause to arrest him. A district court's determination of probable cause

8

under the Fourth Amendment is an issue of law that this court reviews de novo. See United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996). A warrantless arrest is valid if the arresting officer has probable cause to believe the suspect has committed an offense, and the officer's decision that probable cause is present is reviewed under a totality of the circumstances test. See Illinois v. Gates, 462 U.S. 213, 238 (1983). The district court's determination of probable cause will be sustained if the court had a substantial basis for its conclusion. See Gates, 462 U.S. at 236; United States v. Depew, 932 F.2d 324, 327 (4th Cir. 1991).

The district court concluded that Officer Paul had probable cause to arrest Officer Brissett because Officer Brissett blew his horn twice in violation of Md. Code Ann., Transp. § 22-401(b), and because he refused to display his license when requested to do so by Officer Paul in violation of Md. Code Ann., Transp. § 16-112(a), (c). Even if Officer Paul did not actually witness Officer Brissett blow his horn, as Officer Brissett contends on appeal, Officer Paul did hear the sound of horns coming from the row of traffic. Subsequently, during the argument between the two officers, Officer Brissett admitted he had blown his horn twice. This admission gave Officer Paul probable cause to arrest Officer Brissett. Furthermore, under Md. Code Ann., Transp. § 26-202(a)(2)(I), Officer Brissett's refusal to display his license and failure to provide any identification gave Officer Paul authority to arrest Officer Brissett. Therefore, because there was substantial evidence to support the district court's determination that the arrest was supported by probable cause, the district court properly granted summary judgment on this claim.

C.

Next, Officer Brissett contends that Officer Paul's acts of pushing him into the vehicle, handcuffing him, and then holding his arms in such a way as to inflict pain constituted excessive force. A claim that a police officer used excessive force in attempting to make an arrest is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 395 (1989)."Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers'" violates the Fourth Amendment. Id. at 396 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973)). Indeed,

9

"[t]he reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . ." Id. at 397. Force is not excessive if it is objectively reasonable under the circumstances facing the officer, without regard to his underlying intent. See id. Thus, "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force." Id.

As the district court correctly found, there is no evidence that Officer Brissett sustained any major physical injury, and he admitted that his injuries were more emotional than physical. Furthermore, in light of the heated nature of the argument between the two officers and the fact that Officer Brissett failed to identify himself to Officer Paul, we agree with the district court that the minimal amount of force used to effectuate the arrest was reasonable.

D.

Finally, Officer Brissett contends that the district court erred by bifurcating the municipal claims from the individual claims against Officer Paul. Officer Brissett alleges that the bifurcation of discovery caused him to incur unnecessary expenses and precluded him from proceeding expeditiously to try his claims against the other Defendants.

This court reviews the district court's decision to bifurcate a trial for an abuse of discretion. See In re Hutchinson , 5 F.3d 750, 758 (4th Cir. 1993). When the district court bifurcated the claims, the only claims remaining were the §§ 1981, 1983 claims against the City of Rockville and Officer Paul. Before finding the City liable, Officer Brissett had to prove that Officer Paul in fact violated Officer Brissett's rights. See Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Kopf v. Wing, 942 F.2d 265, 269 (4th Cir. 1991). Furthermore, the municipality is only responsible for a violation when the execution of the governmental body's policy or custom inflicts injury. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978); Spell v. McDaniel, 824 F.2d 1380, 1385 (4th Cir. 1987). Thus, because the City's liability was derivative of Officer Paul's liability, and because the evidence needed to establish the City's policies and customs was less likely to be affected by a delay in discovery than the eyewitness

10

evidence needed to establish the claims against Officer Paul, we find that the district court did not abuse its discretion in bifurcating the claims. See In re Hutchinson, 5 F.3d at 758.

Consequently, we affirm the district court's orders granting partial dismissal, granting bifurcation, and granting summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

11