**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ELAINE HEITMAN,
Plaintiff-Appellant,

v.                                                              No. 97-2028

MASON & HANGER SERVICES,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CA-96-163-4)

Submitted: December 8, 1998

Decided: December 31, 1998

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Beverly D. Crawford, EL-AMIN & CRAWFORD, Richmond, Virginia, for Appellant. Amy Moss Levy, Susan R. Blackman, WILL-COX & SAVAGE, P.C., Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Elaine Heitman appeals from the district court's order dismissing her civil complaint for failure to comply with court orders to particularize her complaint, respond to court interrogatories, and respond to the Defendant's motion to dismiss for insufficiency of service of process. On appeal, she contends that the district court's dismissal of this action was not a final appealable order, therefore this court does not have jurisdiction over this appeal, and that the dismissal of her action amounted to an abuse of discretion. Jurisdiction is proper, and we affirm the dismissal.

In January 1997, Heitman filed a single page, pro se complaint attempting to assert three "causes of action" against Mason & Hanger Services. Under the heading "First Cause of Action" the complaint merely listed: "sexual harassment complaint,""reprisal from complaint," "character deformation" (sic),"loss of employment," "loss of benefits," "loss of benefits for children," and "right to seniority." The remaining two "causes of action" contained lists that were similarly vague and incomplete.

Contending that it was not properly served, Mason & Hanger filed a motion to dismiss for insufficiency of service of process. Mason & Hanger also moved for a more definite statement. The district court ordered Heitman to file a response to both motions by April 16, 1997. The court further advised Heitman that the court can dismiss the action if she fails to file an appropriate response.

Within the proscribed period, Heitman filed a response. However, the district court noted that "the nature of[Heitman's] claim is still unclear." The district court provided Heitman with a second opportunity to particularize her complaint, directing that she provide "brief yet specific answers" to two questions: (1) "What actions specifically constituted the alleged harassment?" and (2)"State the facts that give rise to each cause of action listed in the complaint." The district court also directed Heitman to file a response to Mason & Hanger's motion to dismiss for insufficiency of service of process, and noted again the court may dismiss the action if she fails to respond.

Heitman filed a reply to this order. However, in its June 19, 1997 order, the district court found that Heitman again did not oppose the motion to dismiss, and she "failed to answer the Court's interrogatories in a manner which provides defendant an adequate basis for response. The district court therefore dismissed Heitman's action pursuant to Rules 12(b)(5) and 12(e) of the Federal Rules of Civil Procedure. Heitman noted an appeal from this order.

Heitman first contends that this court lacks jurisdiction over the appeal because the district court's dismissal order did not state that the dismissal was "with prejudice," and therefore, the order was not a final appealable order. See Domino Sugar Corp. v. Sugar Workers' Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993). With exceptions not applicable here, Rule 41(b) of the Federal Rules of Civil Procedure provides: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). Because the district court's order of dismissal was silent as to whether the dismissal was with or without prejudice, pursuant to Rule 41(b), the dismissal was on the merits, and therefore with prejudice. See LeBeau v. Taco Bell, 892 F.2d 605, 607 (7th Cir. 1989).

Next, Heitman argues that the district court erred in dismissing the complaint. We review such dismissals for abuse of discretion. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The district court gave Heitman two opportunities to respond to the motion to dismiss and to particularize her claims. However, Heitman failed to respond in any manner to the motion to dismiss and she failed to adequately respond to the motion for a more definite statement, in which Mason & Hanger itemized the deficiencies in the complaint. While the district court is to be solicitous of pro se pleadings, see Gordon v. Leeke, 574 F.2d 1148, 1152-52 (4th Cir. 1978), the court must also be mindful of its authority to control the litigation before it, including the authority to dismiss an action for failure of a party to comply with its orders, see Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir. 1990). Also, the court issued two explicit warnings to Heitman concerning the consequences of failure to respond to the motions or to adequately respond to the motion. In view of the circumstances of this action, we

3

find that the district court did not abuse its discretion in dismissing the action.

Finding no abuse of discretion by the district court in dismissing Heitman's complaint following two opportunities to clarify her claims and adequate warning of possible dismissal, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4