**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ENEMUS SAMUELS,
Plaintiff-Appellant,

v.

No. 99-2551

AGENCY INSURANCE COMPANY OF
MARYLAND, INCORPORATED;
MARK T. MIXTER,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-99-354-WMN)

Submitted: April 20, 2000

Decided: May 16, 2000

Before WILKINS and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David Huntington Williams, WILLIAMS & EOANNOU, P.C.,
Bethesda, Maryland, for Appellant. William D. Foote, Jr., Rockville,
Maryland; J. Paul Mullen, Kathleen M. Bustraan, LORD & WHIP,
P.A., Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Enemus Samuels appeals from the district court's orders (1) granting the motions to dismiss the complaint filed by Agency Insurance Company of Maryland, Inc., and Mark Mixter ("Defendants"), and (2) denying Samuels' motions for reconsideration and for leave to file an amended complaint. Finding no error and no abuse of discretion, we affirm.

Samuels, a naturalized American citizen who was born in the Republic of Cameroon, Africa, filed a complaint alleging that Defendants' actions in investigating and ultimately denying his insurance claim with respect to the theft of his car constituted violations of 42 U.S.C. § 1981 (1994), breach of contract, intentional infliction of emotional distress, fraud, defamation, and intentional interference with his contract of insurance.

The district court found that Samuels "failed to allege any specific facts regarding his claim under Section 1981," and granted the Defendants' motions to dismiss. The court declined to exercise its supplemental jurisdiction over the pendent state law claims and dismissed those as well. Samuels filed a motion for reconsideration and a motion for leave to file an amended complaint. The district court denied these motions, finding that Samuels failed to present any basis for reconsideration and that the proposed amended complaint also contained only conclusory allegations of discrimination and therefore failed to state a claim. From these orders, Samuels appeals.*

_____

*Because Samuels' motion for reconsideration was filed within ten days of the order dismissing his complaint and it calls into question the correctness of the judgment, it is treated as a motion under Fed. R. Civ. P. 59(e), and therefore Samuels' timely appeal from the denial of the Rule 59(e) motion brings both that order and the underlying order before this court. See Fed. R. App. P. 4(a)(4)(A)(iv); Dove v. CODESCO, 569 F.2d 807, 809-10 (4th Cir. 1978).

2

We find that Samuels did not allege facts sufficient to support a claim under § 1981. He did not complain that Agency refused to contract with him or that Agency interfered with his right to enforce a contract. Samuels alleged that Agency and its attorney, Mixter, subjected him to an examination during which Mixter was rude, insulting, and abusive. Samuels alleged that Agency denied his insurance claim. While Samuels asserted that these actions occurred because of his race and national origin, his complaint is too conclusory and unsupported by factual allegations to present a viable claim upon which relief can be granted under § 1981. See Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990).

In his motion for reconsideration, Samuels merely repeated the arguments he presented in his opposition to the Defendants' motions to dismiss. We find no abuse of discretion in the district court's denial of the motion for reconsideration where Samuels failed to make a showing of an error of law or an intervening change in the law and failed to present any new grounds in support of his position. See Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

We further find that the district court did not abuse its discretion in denying Samuels leave to file his amended complaint. The amended version contained the same conclusory allegations as were present in the original complaint. The allegations in Samuels' amended complaint also were based on his mere speculation that the reason for holding the examination, subjecting him to Mixter's rude and insulting questioning, and ultimately denying his insurance claim was the Defendants' discrimination against him on the basis of his race or national origin. Because amendment to the complaint would have been futile, the district court properly denied the motion for leave to amend. See Bauchman v. West High Sch. , 132 F.3d 542, 562 (10th Cir. 1997) (affirming denial of leave to amend where amendment would be futile), cert. denied, 524 U.S. 953 (1998); S.S. Silberblatt, Inc. v. East Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979) (finding leave to amend may be denied when amended complaint fails to state a cause of action).

In conclusion, we affirm the district court orders granting Defendants' motions to dismiss and denying Samuels' motions for reconsideration and for leave to file an amended complaint. We dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4