**Cynthia Estelle BOOKER, Individually and as Executrix for the Estate of Leroy Douglas, Jr., Plaintiff,**

v.

**WASHINGTON MUTUAL BANK, FA, Elizabeth B. Ells, David W. Neill, as Substitute Trustee Defendants.**

No. 1:04 CV 372.

United States District Court, M.D. North Carolina.

Feb. 11, 2005.

440

Cynthia Estelle Booker, Greensboro, NC, pro se.

Heather Bell Adams, Ray A. Starling, Matthew Patrick McGuire, Raleigh, NC, Jason K. Purser, Charlotte, NC, for Defendants.

## MEMORANDUM OPINION

OSTEEN, District Judge.

This matter is before the court on the separate motions of Defendant Washington Mutual Bank, FA and Defendants Elizabeth B. Ells and David W. Neill, seeking to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Plaintiff alleges violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.;* the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.;* the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.;* and several common law claims. Upon consideration of the parties' arguments, and for the reasons set forth below, the court will grant the motions to dismiss.

Plaintiff Cynthia Estelle Booker, individually, and as Executrix for the Estate of Leroy Douglas, Jr. brought suit *pro se* against her mortgagor, Washington Mutual Bank, FA, and its substitute trustees on the applicable Deed of Trust, Elizabeth B. Ells and David W. Neill, in the Superior Court of the State of North Carolina for the County of Guilford. Defendants removed the suit to this court based on federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441. In lieu of an answer, Defendants separately filed motions to dismiss under Rule 12(b)(6), arguing that Plaintiff's complaint is utterly devoid of any direct or inferential allegations sufficient to state a claim upon which relief can be granted. Plaintiff responded to Defendants' motions to dismiss, not by arguing for the sufficiency of her complaint, but by alleging supporting facts and allegations, adding claims, and making numerous assertions and conclusions of law.

■ The pleading requirements in federal courts are modest. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The short and plain statement need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). Conclusory allegations, unsupported by specific allegations of material fact, however, are not sufficient. *Simpson v. Welch,* 900 F.2d 33, 35 (4th Cir.1990). Instead, a pleader must allege facts, directly or indirectly, that support each element of her claim. *Dickson v. Microsoft Corp.,* 309 F.3d 193, 201–02 (4th Cir.2002).

■ Even when judging Plaintiff's *pro se* complaint less stringently than formal pleadings drafted by lawyers, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), the complaint fails to state a claim upon which relief can be granted. The complaint is bare of any factual allegations supporting the federal and state causes of actions alleged against Defendants, let alone sufficient facts to establish the essential elements of the claims. Additionally, the complaint does not specify which provisions of the multifaceted federal statutes have been violated by Defendants. Under the circumstances, it is impossible to see how Defendants could mount any meaningful defense.

■ The court suspects from the language of Plaintiff's response to Defendants' motion to dismiss that she intended her response to either serve as an amendment to her complaint or to simply remedy its deficiencies. Plaintiff's concession in her reply that her complaint "was less than needed for the Defendants to file an Answer to the allegations," gives further credence to this proposition. (Resp. Mot. Dismiss at 8.) A memorandum in opposition or response, however, cannot remedy the defects in a party's complaint. The

remedy for an insufficient complaint is amendment under Rule 15 of the Federal Rules of Civil Procedure, which Plaintiff has not requested. *See* Fed.R.Civ.P. 15(a).

The court is sympathetic to Plaintiff's plight, but finds its sympathy measurably tempered by two particulars. First, the court previously warned Plaintiff about the necessary pleading requirements when it dismissed her complaint in a prior suit brought against the same defendants or their predecessors in interest. (*See Booker v. Homeside Lending, Inc.*, No. 1:02CV00975 (M.D.N.C. April 10, 2003) (order granting dismissal)). Second, Plaintiff has been represented by counsel in this matter for two months now and there has been no attempt by Plaintiff to amend her obviously defective complaint.

Although the court has applied a less stringent standard in considering the complaint in view of Plaintiff's original *pro se* status, even *pro se* parties must comply with the Rules of Civil Procedure. Consequently, Plaintiff's complaint should be dismissed.

A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

### ORDER and JUDGMENT

For the reasons set forth in the memorandum opinion entered contemporaneously herewith,

IT IS ORDERED AND ADJUDGED that Defendant Washington Mutual Bank, FA's Motion to Dismiss [2] and Defendants Ells and Neill's Motion to Dismiss [4] are hereby GRANTED without prejudice.